### Pate, et. al. v. Berry.

(Decided September 29, 1910).

## Appeal from Daviess Circuit Court.

1. Land—Joint Owners—Appropriation of a Particular Part—Sale and Improvement—Effect.—It is well settled that if one joint owner of land appropriates a particular part of it and improves it or sells it to another. who improves it. in a partition among all the owners such appropriation will not be disturbed if the other owners can be equitably satisfied out of the remainder.

2. Injunction—Preliminary Remedy—Forms of Action—Materiality —Trial on Merits.—Injunction will never lie as a preliminary writ to oust one in actual possession in a suit in ejectment. Forms of action are not so material under our code, especially

at the end of a case which has been tried out on its merits without objection to the form.

HURST & INGLEHART for appellant.

J. R. HAYS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The ownership of a lot of ground containing two and one-half acres  devolved  by inheritance upon the six heirs at law of Charles Roby, deceased.

Four of the heirs conveyed their interest in the land to one Welch, who conveyed to  appellant, Sam Pate. Pate took possession of the whole lot. Pate conveyed a lot embracing about a quarter of an acre to Mann; Mann conveyed to Coke, Coke to Kellogg, and he to appellee. Later Pate conveyed to appellee another part of the original plat, which contains one and one-half acres. Thereby he had conveyed something more in the aggregate than two-thirds of the whole lot, all that he had ever owned.   Still later appellant became the owner of the remaining third of the estate by purchase from the two heirs (or their descendants) whose interest had not been conveyed to Pate.  Pate held on to his possession however, which was a lot of about three-fourths of an acre at the south end of the first named parcel, the remainder being what was left after cutting off the lot sold by Pate to Mann and appellee.  Pate refused to yield possession to appellee, claiming that he had sold only his interest in the two lots mentioned, which was two-thirds of one and three-quarters acres.  Appellee thereupon brought this suit in equity against Pate, claiming that plaintiff was in the actual possession and ownership of the whole tract, that Pate was trespassing daily upon part of it, and was threatening to continue his trespasses, thereby putting the plaintiff to great annoyance, damage and expense in maintaining a number of suits at law; that Pate was insolvent and that plaintiff had no adequate legal redress. Upon that showing the circuit court issued an injunction restraining Pate from cultivating or trespassing on the lot.

The fact is that Pate did not own any of the lot.  All the interest that he ever had, he had parted with in his two conveyances.   True, he did not purport by his conveyances to sell his undivided interest in the lot, but the

sales and conveyances that he made did as a matter of fact embrace more land than was an equivalent of his share as tenant in common upon apportionment among the owners. It is well settled that if one joint owner of land appropriates a particular part of it, and improves it, or sells it to another who improves it, in a partition among all the owners, such appropriation will not be disturbed, if the other owners can be equitably satisfied out of the remainder. (Alves v. City of Henderson, 16 B. Mon. 165.) Particularly is this true when the other joint tenant, or his vendee, assents to such partition— for the first-named tenant in common is estopped by his act from subsequently claiming any other division of the estate than the one that he has precipitated. He will not be heard to say that what he took, when in fact it represents in original value his proportion of the whole estate, was other than what he was entitled to. Appellee, having bought now the remaining shares, has become the owner of the entire estate. It no longer matters whether the attempted partitions were valid or not, as the whole title is now merged in appellee.

It developed that Pate was in actual possession of the small lot which was in controversy when this suit was filed, although he had no semblance of right to it. This action should properly have been in ejectment, instead of in equity to stay trespass. Injunction will never lie as a preliminary writ to oust one in actual possession, in a suit in ejectment. The writ was erroneously employed in this case, the circuit judge having been mislead by the allegations of the petition. It was error, too, to have perpetuated the injunction in the final judgment. But it was error only in the form and practice. Forms of action are not so material under our Code, especially at the end of a case which has been tried out on its merits without objection to the form. It would be a step backwards in practice, and a misstep in justice, to reverse the judgment in this case on the mere question of form of action. Not only is the trial court admonished that it must in "every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party," but upon this court it is enjoined that "no judgment shall be reversed or affected by reason of such error or defect." (Sec. 134, Civ. Code Pr.)

Appellant Pate was not when the suit was brought, or when the judgment was rendered, the owner of the

lot in controversy, or of any interest in it. Nor was he entitled in law to its possession. We decline under the authority just cited to reverse a judgment against appellant, though technically erroneous, where he has no substantial right in the subject of the controversy.

Affirmed.